# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THE CJS SOLUTIONS GROUP, LLC <br> d/b/a THE HCI GROUP, <br> *Plaintiff* <br><br> v. <br><br> MARY CLOWERS AND COWBOY & <br> SCHATZ, LLC, <br> *Defendants* | §§§§§§§§§§    Case No. 1:21-CV-223-RP |

## ORDER

Before the Court are Plaintiff's Opposed Motion to Extend Discovery, filed August 5, 2022 (Dkt. 82); Defendants' Response to Plaintiff's Motion to Reopen Discovery, filed August 12, 2022 (Dkt. 83); and Plaintiff's Reply, filed August 19, 2022 (Dkt. 85). By Text Order entered August 17, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. Background

Plaintiff The CJS Solutions Group, LLC d/b/a The HCI Group ("HCI") brings this suit against Defendants Mary Clowers and Cowboy & Schatz LLC (collectively, "Defendants") for breach of contract and tortious interference with prospective contracts and business relationships. Pursuant to the Court's Scheduling Order, discovery closed May 31, 2022. Dkt. 31 ¶ 7. The deadline to file dispositive motions passed on July 15, 2022,[1] and trial is set for January 17, 2023. Dkt. 78.

---

[1] Defendants' pending Motion for Summary Judgment (Dkt. 79) is not referred.

1

HCI asks the Court to reopen discovery so that it may seek documents from Evergreen Healthcare Partners, Inc. ("Evergreen"), a non-party dismissed by the Court as a defendant in this lawsuit for lack of personal jurisdiction. Dkt. 74 at 2. Defendants oppose the motion.

## II. Legal Standards

Rule 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has passed. *See Leza v. City of Laredo*, 499 F. App'x 375, 376 (5th Cir. 2012); *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). Pursuant to Rule 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent." The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021). Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Also relevant to HCI's motion is Local Rule CV-16(e), which provides, in pertinent part:

> Unopposed discovery may continue after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery.

## III. Analysis

HCI fails to make the showing necessary to reopen discovery, as explained below.

**A. HCI Has Not Shown Exceptional Circumstances under Local Rule CV-16(e)**

First, HCI makes no effort to establish exceptional circumstances for filing this motion, as required by Local Rule CV-16(e); indeed, HCI does not address the Local Rules at all, in either its opening brief or its reply brief. HCI's motion also violates Local Rule CV-16(e) because it was filed not within 14 days after discovery closed on May 31, 2022, but more than two months later. Accordingly, the Court finds that HCI's motion should be denied under Local Rule CV-16(e).

**B. HCI Has Not Shown Good Cause under Federal Rule of Civil Procedure 16(b)(4)**

The Court next considers the four factors relevant to a request to reopen discovery under Rule 16(b)(4).

**1. Explanation for Failure to Timely Comply with the Scheduling Order**

HCI avers that the documents it now seeks from former party Evergreen were responsive to its requests for production served on December 9, 2021, and April 29, 2022. Dkt. 85-1 ¶¶ 3, 9. The parties explain that in May 2022, HCI and Evergreen – represented by the same counsel as Defendants – reached an agreement to continue discovery after the Court's May 31 deadline. Pursuant to the agreement, HCI would cancel the 30(b)(6) deposition of Evergreen's corporate representative in return for Evergreen's production of certain documents (discussed further below) by June 3, 2022, and HCI would supplement its responses to Defendants' requests for production by June 13, 2022. Dkt. 82 at 2; Dkt. 83 at 5-6.

In the interim, on June 8, 2022, Evergreen was dismissed as a party to this lawsuit. Dkt. 74 at 2. Evergreen did not produce additional documents and HCI did not supplement its production, although HCI searched its records and found no additional responsive documents. Declaration of D. Brad Hughes, Dkt. 85-1 ¶ 4. Defendants informed HCI on July 27, 2022 that Evergreen would not produce additional documents; HCI filed this motion ten days later. Dkt. 85 at 4.

The Court finds that HCI has not established that it was diligent in seeking the discovery it now requests. HCI filed the instant motion more than two months after discovery closed and seven months after Evergreen's responses were due to HCI's December 2021 discovery requests. The parties were free to continue discovery by agreement after May 31, 2022, but HCI did not act promptly after Evergreen failed to provide the requested documents on or before June 3, 2022. Having carefully considered the facts of this case and particularly the passage of more than two months between the close of discovery and the filing of this motion, the Court finds that HCI's explanation for its failure to comply with the Court's scheduling order does not support reopening discovery.

**2. Importance of the Requested Relief**

The Court next considers the second factor: the importance of the discovery HCI seeks. HCI pursues evidence in the following four categories:

1. Identification of Evergreen's employees "by role type";
2. Any of Clowers' compensation documents with information not covered by a previously produced pay statement;
3. Documents regarding Clowers' termination from the Wellforce Project at issue in this lawsuit; and
4. An updated statement of Evergreen's income through the end of the Wellforce Project in April 2022.

Dkt. 82 at 9. HCI argues that the documents it requests from Evergreen are relevant to the compensation Clowers received and therefore to its claim for disgorgement, asserting: "What Clowers was paid and what she is owed is clearly relevant," Dkt. 85 at 5. In its Reply, HCI states that Clowers testified at deposition that her termination documents "demonstrated that she was still owed money." Dkt. 85 at 5. Defendants respond that the documents in Categories 1 and 4 are no longer relevant in view of Evergreen's dismissal, and that HCI has not shown why the documents in Categories 2 and 3 are necessary to establish Clowers' earnings. Dkt. 83 at 10.

4

The Court agrees with Defendants. Because Evergreen is no longer a party, HCI cannot recover from it in this case, and HCI has not established that its income or employee identification are relevant to its claims against Defendants.[2] As for Defendants, while Clowers' total compensation from Evergreen may be relevant to HCI's claims for damages, HCI has not established that Defendants are unable to provide the information necessary for disposition of those claims, particularly in view of Defendants' ongoing duty to supplement any incomplete discovery responses under Rule 26(e).[3] Because HCI has not demonstrated that the documents it seeks from Evergreen are important to its case, the second factor weighs against reopening discovery.

### 3. Potential Prejudice in Granting the Relief

The third factor is potential prejudice if discovery is reopened. The Court finds that Defendants would be prejudiced by reopening discovery at this very late stage of the proceeding. Defendants filed a motion for summary judgment at the dispositive motion deadline, three weeks before HCI filed this motion to reopen discovery. Summary judgment briefing now is complete, and all other deadlines save trial have long since passed. The significant potential for prejudice to Defendants weighs against reopening discovery at this stage of the proceeding.

### 4. Availability of a Continuance to Cure Such Prejudice

Neither party addresses the availability of a continuance to cure any prejudice from reopening discovery, the final factor in the good cause analysis. The Court therefore finds the fourth factor to be neutral.

---

[2] Defendants' counsel asserted in an email that HCI has "committed to suing [ ]Evergreen again," along with its CEO Drew Madden, also dismissed as a defendant in this suit. Dkt. 82 at 5.

[3] Specifically, this Order does not relieve Defendants of the duty to supplement their production with any documents that may be responsive to HCI's discovery requests and within Defendants' possession, custody, or control under Rule 34, including pay information after February 9, 2022 and Clowers' equity agreement. *See* Dkt. 82 at 10 & n.1; Dkt. 85 at 5.

Having carefully considered the parties' arguments and the facts of this case, the Court finds that all relevant factors either weigh against reopening discovery or are neutral. For these reasons, HCI has not established good cause to reopen discovery under Rule 16(b)(4).

### IV.  Conclusion

For the foregoing reasons, Plaintiff's Opposed Motion to Extend Discovery (Dkt. 82) is **DENIED** pursuant to Federal Rule of Civil Procedure 16(b)(4) and Rule CV-16(e) of the Local Rules of the United States District Court for the Western District of Texas.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 1, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE